UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMPARO GUEVARA,

Plaintiff,

— against —

DELTA AIR LINES, INC.,

Defendant.

21–CV–664 (ARR) (RER)

<u>NOT FOR PRINT OR ELECTRONIC
PUBLICATION</u>

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Amparo Guevara, moves to remand this case to New York Supreme Court, Queens County, on the grounds that defendant, Delta Air Lines, Inc., waived its right to remove the action. I deny plaintiff's motion for the reasons discussed below.

## PROCEDURAL BACKGROUND

On June 29, 2020, plaintiff, Amparo Guevara, commenced a personal injury action against JFK International Air Terminal, LLC ("JFK"), and Delta Air Lines, Inc. ("Delta"), in New York Supreme Court, Queens County. Verified Compl. ("Compl."), Pl.'s Mot. Remand Ex. 1, ECF No. 9-2. On August 28, 2020, the parties entered into a stipulation extending Delta's time to answer the complaint to September 8, 2020. Stipulation Extending Time, Pl.'s Mot. Remand Ex. 3, ECF No. 9-4. The stipulation also included an agreement "that defendant waives all jurisdictional defenses." *Id.* On September 8, 2020, Delta filed its answer to the complaint and served plaintiffs with a set of discovery demands, including a demand for the total amount of damages to which plaintiff deemed herself entitled. Answer to Compl., Pl.'s Mot. Remand Ex. 4,

1

ECF No. 9-5; Def.'s Opp'n 1, 3, ECF No. 10. On October 7, 2020, the parties entered into a stipulation dismissing defendant JFK from the complaint. Stipulation of Partial Dismissal, Def.'s Notice of Removal Ex. E, ECF No. 1-5. Plaintiff served her response to Delta's discovery demands on January 20, 2021, including a declaration that her demand for damages totaled fifteen million dollars. Pl.'s Response to Discovery Demands 3, Def.'s Opp'n Ex. A, ECF No. 10-2. Delta filed its notice of removal nineteen days later on February 8, 2021. Def.'s Notice of Removal, ECF No. 1.

## DISCUSSION

A defendant may remove a state court action if the federal court has original jurisdiction over that action. 28 U.S.C. § 1441. Here, defendant removed the case on the basis of diversity jurisdiction, which requires that the amount in controversy exceed $75,000 and that the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff does not contest that defendant has established diversity jurisdiction in this case. The only question raised is whether defendant waived its right to remove the action when it entered into the stipulation extending its time to answer the complaint and waiving "all jurisdictional defenses." Stipulation Extending Time.

In considering a motion to remand an action back to state court, the district court must "construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991), *superseded on other grounds by rule as recognized in Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008). In some cases, district courts have found that a defendant has waived its right of removal by taking actions that "manifest[] an intent to litigate in state court." *Heafitz v. Interfirst Bank of Dallas*, 711 F.Supp. 92, 96 (S.D.N.Y. 1989). However, "[c]ourts that have recognized this waiver exception to removal have tended to limit the exception to 'extreme situations'" in which the defendant's

intent to remain in state court is "'clear and unequivocal.'" *Stemmle v. Interlake Steamship Co.*, 198 F.Supp.3d 149, 157 (E.D.N.Y. 2016) (quoting *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)); *see also Hanwha Corp. v. Cedar Petrochemicals, Inc.*, No. 09-CV-10559 (AKH), 2010 WL 11713072, at *2 (S.D.N.Y. Apr. 21, 2010) ("[A]ny waiver of the right of removal must be clear and unequivocal" (quoting *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009))). Courts are more likely to find a "clear and unequivocal" intent in cases where the defendant took a "substantial offensive or defensive action" such as filing a dispositive motion or a permissive counterclaim. *Bldg. Materials, Ltd. v. Paychex, Inc.*, 841 F. Supp. 2d 740, 752 (W.D.N.Y. 2012) (quoting *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)); *Harris v. Brooklyn Dressing Corp.*, 560 F. Supp. 940, 942 (S.D.N.Y. 1983) ("[A] party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim thereby waives the right of removal."); *Heafitz*, 711 F.Supp. at 96 (explaining that by filing a motion to dismiss in state court, the defendant "voluntarily stepped into state court . . . and took affirmative action to submit issues for determination by the state court").

By contrast, courts have declined to find waivers of removal in cases where the defendant's actions were insubstantial or taken merely to "comply with [state] law and preserve the status quo." *Hanwha*, 2010 WL 11713072, at *2; *see also Paychex, Inc.*, 841 F. Supp. 2d at 752 ("[Waiver will not occur], however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . ."). For example, in *Bank of New York Mellon v. Walnut Place LLC*, the court declined to find a waiver of the right of removal where defendant "simply took defensive actions to preserve its rights, including seeking discovery and modifications to the state court's preliminary schedule and order." 819 F. Supp. 2d

354, 359 (S.D.N.Y. 2011), *rev'd sub nom. on other grounds by BlackRock Fin. Mgmt. Inc. v. Segregated Acct. of Ambac Assur. Corp.*, 673 F.3d 169 (2d Cir. 2012). Similarly, in *Webb v. Harrison*, the court found that the defendant's action resisting a temporary restraining order "would not have resulted in a final adjudication of the merits" and "was interim in nature," and therefore did "not evidence[] the kind of 'clear and unequivocal' intent necessary to effect a waiver of the right of removal." No. 14-CV-5366 (RJS), 2015 WL 500179, at *6 (S.D.N.Y. Feb. 5, 2015).

Furthermore, "courts have tended to limit the [waiver-of-removal] exception" to cases where the defendant's action occurred "*after* it is apparent that the case is removable." *Stemmle*, 198 F.Supp.3d at 166 (emphasis in original); *see also Becker v. Lindblom*, No. 10-CV-792 (A)(M), 2010 WL 4674305, at *2 (W.D.N.Y. Nov. 18, 2010) ("A defendant may waive the right to remove a state court action to federal court by taking actions in state court, after it is apparent that the case is removable, that manifest the defendant's intent (1) to have the case adjudicated in state court and (2) to abandon the right to a federal forum." (citation omitted)), *R&R adopted*, No. 10-CV-792, 2011 WL 335864 (W.D.N.Y. Jan. 31, 2011).

Here, plaintiff claims that defendant waived its right of removal "when it signed the stipulation extending its time to answer and waiving 'all jurisdictional defenses.'" Pl.'s Mot. Remand 3, ECF No. 9-1. Plaintiff argues that "by foregoing any challenges based upon personal or subject matter jurisdiction, [defendant] manifested a clear intent to have the matter adjudicated in New York State Supreme Court, Queens County." *Id.* Plaintiff's argument fails for two reasons. First, defendant's entry into the stipulation was not the type of "substantial" action that courts have recognized as a waiver of the right of removal. *Paychex*, 841 F. Supp. 2d at 752. Defendant did not file any claims or motions that would have "resulted in a final adjudication of

the merits," *Webb*, 2015 WL 500179, at \*6, but merely entered into an agreement that included a vague waiver of "all jurisdictional defenses" in exchange for receiving an extension of time to answer plaintiff's complaint, Stipulation Extending Time. This action does not rise to the level of an "'extreme situation[]' in which a defendant's actions evince a 'clear and unequivocal' intent to remain in state court." *Stemmle*, 198 F.Supp.3d at 157 (citation omitted).

Second, defendant entered into the stipulation *before* it became apparent that the case was removable. A case becomes removable when "the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (citation and quotation marks omitted). "A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition." *Id.* (citation and quotation marks omitted). "In cases where removal is based on diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." *Id.* At the time that defendant entered into the stipulation, it did not know that the parties were diverse because defendant JFK had not yet been dismissed from the complaint. Stipulation of Partial Dismissal (Oct. 7, 2020).

Nor did defendant know that the amount in controversy exceeded $75,000. In order to start the removal clock, the plaintiff must serve "the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d. Cir. 2010). The defendant is not required to "guess the amount of damages" based on a description of the plaintiff's injuries. *Id.* Here, plaintiff's complaint referenced unspecified costs associated with unspecified injuries and stated vaguely that she was "damaged in a sum exceeding the jurisdiction of all lower Courts that would otherwise have jurisdiction." Compl. ¶¶ 23–24. It was not until January 20, 2021—several months after defendant entered into the

situation in question—that plaintiff responded to defendant's demand for the total amount of damages, informing defendant that she was seeking fifteen million dollars. Pl.'s Response to Discovery Demands 3. Defendant timely filed its notice of removal shortly thereafter. Therefore, because the case had not yet become removable, defendant's actions in state court did not evince an intent to waive its right of removal. *See Becker*, 2010 WL 4674305, at *2–3 (finding that defendant did not waive its right of removal when it filed its counterclaim in state court because plaintiff had not yet filed any paper specifying that it was seeking damages in an amount exceeding $75,000).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is denied.


SO ORDERED.


Dated:  June 22, 2021

Brooklyn, NY


_____/s/_____

Allyne R. Ross

United States District Judge